UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SPRINGLAND VILLAGE HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation,<br><br>    Plaintiff,<br>    v.<br><br>JENNIE M. PEARMAN, *et al*,,<br><br>    Defendants. | Lead Case, No. 3:16-cv-00423-MMD-WGC<br><br>*and* |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>    Plaintiff,<br>    v.<br><br>DWIGHT CARLSON,<br><br>    Defendant,<br><br>*And related counterclaims.* | Member Case, No. 3:16-cv-00520-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Pending before this Court is Federal National Mortgage Association's ("Fannie Mae") motion for summary judgment in two related cases.[1] (Lead Case, ECF No. 28; Member Case, ECF No. 17.)[2] In the Member Case, Pyramid Tribe filed a response (ECF

---

[1] The same motion was filed in case no. 3:16-cv-00423-MMD-WGC ("Lead Case") and case no. 3:16-cv-00520-MMD-WGC ("Member Case").

[2] The motion for summary judgment in the Member Case was terminated when these cases were consolidated on January 5, 2018. (Member Case, ECF No. 25.) Because the motion deals with the counterclaims in the Member Case, the Court still addresses the motion as it pertains to the Member Case.

No. 18), and Fannie Mae filed a reply (ECF No. 24). No response was filed in the Lead Case. For the following reasons, Fannie Mae's motion is granted.

## II. BACKGROUND

Defendant Dwight Carlson as Trustee for Pyramid Tribe TR-116 ("Pyramid Tribe") purchased property ("Property") at a homeowner association foreclosure sale ("HOA Sale"), which it contends extinguished a deed of trust ("DOT") then encumbering the Property. (Main Case, ECF No. 28 at 2.) At the time of the HOA Sale, Fannie Mae owned a loan secured by the Property and was the record beneficiary of the associated DOT. (*Id.*) In Fannie Mae's motion for summary judgment, it contends that (1) the foreclosure sale could not have extinguished the deed of trust due to the effect of 12 U.S.C. § 4617(j)(3) ("Federal Foreclosure Bar") and (2) that Pyramid Tribe's claims for unjust enrichment and equitable mortgage fail. (Lead Case, ECF No. 28 at 9-14; Member Case, ECF No. 17 at 9-14.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391

1  U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all
2  facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser*
3  *Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.  DISCUSSION**

Fannie Mae contends that the Federal Foreclosure Bar protects its DOT such that the DOT still encumbers the Property. Fannie Mae further contends that Pyramid Tribe's counterclaims fail as a matter of law.

**A.  Federal Foreclosure Bar**

The Federal Foreclosure Bar prohibits nonconsensual foreclosure of Federal Housing Finance Agency ("FHFA") assets. *Berezovsky v. Moniz*, 869 F.3d 923, 925 (9th Cir. 2017). As a result, the Federal Foreclosure Bar generally protects Fannie Mae's property interests from extinguishment if Fannie Mae was under FHFA's

///
///
///
///

1 conservatorship, possessed an enforceable property interest at the time of the HOA
2 Sale, and did not consent[3] to such extinguishment. *See id.* at 933.

Here, it is undisputed that Fannie Mae was placed into conservatorship under FHFA in September 2008 and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. (Main Case, ECF No. 28 at 4, 6.) Fannie Mae acquired an enforceable property interest in the Property on June 24, 2014, and continued to hold that interest at the time of the HOA Sale on January 22, 2016. (*Id.* at 5.) This is amply demonstrated in both the public record and Fannie Mae's business records. (*See* ECF No. 28-5 at 2; ECF No. 28-2 at 2-4; ECF No. 28-3 at 2-14).

The Court finds that the Federal Foreclosure Bar protected Fannie Mae's DOT from extinguishment given that Fannie Mae held an enforceable interest in the Property at the time of the HOA Sale, was under the conservatorship of FHFA at the time of the HOA Sale, and did not consent to the HOA Sale extinguishing or foreclosing Fannie Mae's interest in the Property. Accordingly, the HOA Sale did not extinguish Fannie Mae's interest in the Property, and the DOT therefore continues to encumber the Property.

### B.     Pyramid Tribe's Counterclaims

Fannie Mae contends that Pyramid Tribe has failed to allege any specific facts to support its counterclaims. (Related Case, ECF No. 17 at 13-14.) The Court agrees. While Pyramid Tribe initially alleged that it expended funds and resources in connection with the acquisition and maintenance of the Property (purportedly giving rise to unjust

---

[3]Pyramid Tribe argues that FHFA's consent is not required because Fannie Mae purchased the loan in 2006, prior to the Federal Foreclosure Bar's enactment (Member Case, ECF No. 18 at 4-5), but the date Fannie Mae purchased the loan is irrelevant to the inquiry under *Berezovsky*. Indeed, the Ninth Circuit Court of Appeals considered similar facts in *Berezovsky*. There, the original borrowers' mortgage was secured by a deed of trust recorded on March 5, 2007, prior to the Federal Foreclosure Bar's enactment, but the Federal Foreclosure Bar still protected Freddie Mac's deed of trust from extinguishment. *Berezovsky*, 869 F.3d at 926, 933.

Pyramid Tribe also argues that the Court should avoid considering 12 U.S.C. § 1825(b)(2) in its analysis. (ECF No. 18 at 5-7.) The Court need not address this argument as the Court considers the issues presented in this case under 12 U.S.C. § 4617(j)(3).

1 | enrichment and equitable mortgage claims) (Member Case, ECF No. 11 at 5-6), Pyramid Tribe has failed to support these conclusory statements with allegations describing the expenditures. Accordingly, Fannie Mae has carried its burden of showing no genuine issue of material fact exists as to the unjust enrichment and equitable mortgage counterclaims. *See Nissan Fire & Marine Ins. Co. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.").

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Fannie Mae's motions.

It is therefore ordered that Fannie Mae's Motions for Summary Judgment in the Lead Case, 3:16-cv-00423 (ECF No. 28) and Member Case, 3:16-cv-00520 (ECF No. 17) are granted. The Court finds that the HOA Sale did not extinguish Fannie Mae's interest in the Property and the DOT continues to encumber the Property.

///
///
///
///
///
///

The Clerk is instructed to enter judgment in favor of Fannie Mae on all claims and counterclaims[4] and close both cases.

DATED this 10th day of January 2018.

MIRANDA DU
UNITED STATES DISTRICT JUDGE

---

[4]Pyramid Tribe only asserted counterclaims in the Related Case. (Related Case, ECF No. 11 at 5-6.)