Laurel I. Handley (NV Bar # 9576)
Jory C. Garabedian (NV Bar # 10352)
**ALDRIDGE PITE, LLP**
520 South 4th St., Suite 360
Las Vegas, Nevada 89101
Telephone: (702) 991-4636
Facsimile: (702) 685-6342
E-Mail: jgarabedian@aldridgepite.com

*Attorneys for Defendant:*
*Federal National Mortgage Association*

UNITED STATES DISTRICT COURT

**DISTRICT OF NEVADA**

| | |
|---|---|
| SPRINGLAND VILLAGE HOMEOWNERS ASSOCIATION, a Nevada Non-Profit Cooperative Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JENNIE M. PEARMAN, et al.,<br><br>　　　　Defendants.<br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DWIGHT CARLSON AS TRUSTEE FOR PYRAMID TRIBE TR-116,<br><br>　　　　Defendant.<br>*And Related Counterclaims*. | Lead Case No. 3:16-CV-00423-MMD-WGC<br>Member Case No. 3:16-cv-00520-MMD-WGC<br><br><br><br><br><br><br><br>**STIPULATION AND ORDER TO RE-OPEN LEAD INTERPLEADER CASE** |

Defendant in Lead Case FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae") and Plaintiff in Lead Case SPRINGLAND VILLAGE HOMEOWNERS ASSOCIATION ("Springland") by and through their respective attorneys of record, hereby stipulate and agree to the re-open the Lead Interpleader Case as follows:

1. The Lead Case is an interpleader action originally filed in the Second Judicial District Court of Nevada (Washoe County) on May 11, 2016, which seeks to disburse excess proceeds from an NRS 116 foreclosure sale of the real property located at 2402 Sunny Slope Drive, Unit 9, Sparks, Nevada 89434 (the "Property") occurring on or about January 22, 2016 (hereinafter the "Lead Interpleader Case").

2. On September 2, 2016, Fannie Mae filed a separate lawsuit captioned, *Federal National Mortgage Association v. Dwight Carlson as Trustee for Pyramid Tribe TR-116* which is Member Case No. 3:16-cv-00520-MMD-WGC (the "Member Title Case").

3. The Member Title Case was an action for declaratory relief and quiet title against Dwight Carlson as Trustee for Pyramid Tribe TR-116 ("Pyramid Tribe") seeking to declare Fannie Mae's first Deed of Trust as a valid remaining encumbrance on the Property. Pyramid Tribe was the purchaser of the Property at the same NRS 116 foreclosure sale at issue in the Lead Interpleader Case. (*See* Member Case ECF No. 1).

4. On September 7, 2016, Fannie Mae filed a Notice of Related case in both the Member Title Case (ECF No. 4) and the Lead Interpleader Case (ECF No. 11) wherein Fannie Mae stated that it would be desirable for the same district judge and magistrate judge to preside over both actions to ensure a coordinated timing and sequence of adjudicating title issues in the Member Title Case and the ultimate disbursement of proceeds from the same NRS 116 foreclosure sale in the Lead Interpleader Case.

5. On October 3, 2016, the Court entered a Reassignment Order wherein the Member Title Case was assigned to the same district judge and magistrate judge. (*See* Member Case ECF No. 8).

6. On July 17, 2017, Fannie Mae filed a Motion for Summary Judgment in both the Lead Interpleader Case (ECF No. 28) and the Member Title Case (ECF No. 17) solely on the basis that 12 U.S.C. § 4617(j)(3) (the "Federal Foreclosure Bar") protected Fannie Mae's Deed of Trust from being extinguished by the NRS 116 foreclosure sale.

7. The Motion for Summary Judgment requested that Fannie Mae's request for quiet title or declaratory relief be granted insofar as any interest in the Property of Member Title Case Defendant Pyramid Tribe is subject to Fannie Mae's Deed of Trust. However, the Motion for Summary Judgment did not address or contain a proposed distribution of the proceeds from the NRS 116 foreclosure sale.

8. On January 5, 2018, the Court entered an Order consolidating the Lead Interpleader Case and the Member Title Case. (*See* Lead Case ECF No. 33).

9. On January 10, 2018, the Court entered an Order, and subsequent Judgment, granting Fannie Mae's Motion for Summary Judgment finding that the Federal Foreclosure Bar protected Fannie Mae's Deed of Trust from extinguishment and that Fannie Mae's Deed of Trust continues to encumber the Property. However, the Order did not contain a decree or declaration as to how the proceeds from the NRS 116 foreclosure sale should be distributed. (*See* Lead Case ECF No. 34, 35).

10. Based upon the foregoing, Fannie Mae and Springland agree that there remains an unresolved and unadjudicated issue in the Lead Interpleader Case, specifically how the excess proceeds from the NRS 116 foreclosure sale should be distributed.

11. Accordingly, Fannie Mae and Springland therefore stipulate and agree that the Lead Interpleader Case should be re-opened.

12. Fannie Mae and Springland further stipulate and agree that the Member Title Case shall remain closed as adjudicated by the Court's January 10, 2018 Order and subsequent Judgment (Lead Case ECF No. 34 & 35).

/./././

/./././

/./././

/./././

/./././

/./././

/./././

13. Within 30 days of the entry of the Order adopting this Stipulation, Fannie Mae and Springland intend to submit a further stipulation or status report as to how the Lead Interpleader Case should proceed.

**IT IS SO STIPULATED AND AGREED.**

DATED this 18th day of June, 2018.

| ALDRIDGE PITE, LLP | KERN & ASSOCIATES, LTD. |
|---|---|
| */s/ Jory C. Garabedian* | */s/ Karen M. Ayarbe* |
| Jory C. Garabedian<br>Nevada Bar No. 10352<br>*Attorney for Defendant*<br>*Federal National Mortgage Association* | Karen M. Ayarbe<br>Nevada Bar No. 3358<br>*Attorney for Plaintiff*<br>*Springland Village Homeowners Association* |

## **ORDER**

Based upon the foregoing Stipulation between Fannie Mae and Springland, and good cause appearing:

1. The Lead Interpleader Case shall be reopened to adjudicate the remaining issue as to how the excess proceeds from the NRS 116 foreclosure sale should be distributed;
2. The Member Title Case shall remain closed as adjudicated by the Court's January 10, 2018 Order and subsequent Judgment (Lead Case ECF No. 34 & 35); and
3. Within 30 days of the entry of this Order, Fannie Mae and Springland shall submit a further stipulation or status report as to how the Lead Interpleader Case should proceed.

**IT IS SO ORDERED.**

_____
DISTRICT COURT JUDGE

Dated: June 20, 2018